GROSS, J.,
concurring specially.
I concur in the certification of the question because I recognize that the ability to participate in social media is of great importance to many and there are disagreements between reasonable persons about the way that a judge may take part in social media sites such as Facebook. I also concur in the denial of the motion for rehearing because I believe the case was correctly decided.
Judges do not have the unfettered social freedom of teenagers. Central to the public’s confidence in the courts is the belief that fair decisions are rendered by an impartial tribunal. Maintenance of the appearance of impartiality requires the avoidance of entanglements and relationships that compromise that appearance. Unlike face to face social interaction, an electronic blip on a social media site can become eternal in the electronic ether of the internet. Posts on a Facebook page might be of a type that a judge should not consider in a given case. The existence of a judge’s Facebook page might exert pressure on lawyers or litigants to take direct or indirect action to curry favor with the judge. As we recognized in the panel opinion, a person who accepts the responsibility of being a judge must also accept limitations on personal freedom.